**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| NANCY HICKS, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN MCHUGH, SECRETARY )<br>OF THE DEPARTMENT OF THE ARMY, )<br>)<br>Defendent. )<br>_____ ) | Case No. 13-4065-JAR-JPO |

## **ORDER**

On April 29, 2014, this Court filed an Order (Doc. 10) on Plaintiff Nancy Hick's Response to a second Order to Show Cause issued by Magistrate Judge James P. O'Hara in this matter. The first Order to Show Cause required Plaintiff to show good cause by February 20, 2014, why this case should not be dismissed without prejudice for lack of service under Fed. R. Civ. P. 4(m). By the deadline, Plaintiff filed her returns of the summons, showing they were executed,[1] and explained that the returns had been inadvertently filed in another case. The Court found that Plaintiff had sufficiently explained the delay, and that the delay was unintentional and did not prejudice Defendant.

Judge O'Hara issued a second Order to Show Cause on April 14, 2014, as to why this case should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). Plaintiff responded, claiming that Defendant has failed to plead or otherwise defend, despite timely service. Plaintiff also sought a clerk's entry of default under Rule 55(a) and asked that a hearing

---
[1] Docs. 4, 5.

be set to determine damages.

In its April 29, 2014 Order, the Court explained that it was unable to find that Defendant was properly served.  Fed. R. Civ. P. 4(i) governs service of the United States and its agencies:

> (1) United States. To serve the United States, a party must:
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
> (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
> (3) Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).
> (4) Extending Time. The court must allow a party a reasonable time to cure its failure to:
> (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or
> (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

The Court explained that while the record shows that Plaintiff effected service on the Office of the Attorney General and on the Secretary of the Army, it does not reflect that a copy of the

summons and complaint was served on the United States Attorney, as required by Rule 4(i)(1)(A).

Nonetheless, the Court allowed Plaintiff an additional period of thirty days to cure her failure to serve the United States Attorney's office in this matter.  On May 28, 2014, Alias Summons were returned executed once again on John McHugh, Secretary of the Army,[2] however there is no indication in the record that Plaintiff served the United States Attorney's Office for the District of Kansas, as directed in the Court's last Order.

Under Rule 4(m), the Court must dismiss the action without prejudice if a defendant is not served within 120 days after the Complaint is filed.  If the Plaintiff shows good cause for the failure to serve within this time limit, the Court must extend the time for service.  This Court has provided Plaintiff with the appropriate period to cure its service deficiency yet Plaintiff has failed to do so.  Accordingly, the Court dismisses this case without prejudice pursuant to Fed. R. Civ. P. 4(m).

**IT IS THEREFORE ORDERED** that this case is hereby dismissed without prejudice for failure to serve the summons and complaint within the 120 days required by Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED**.

Dated: October 22, 2014

                                                  S/ Julie A. Robinson

                                                  JULIE A. ROBINSON

                                                  UNITED STATES DISTRICT JUDGE

---

[2]Docs. 11, 12.